ELLIOTT C. HALL AND OTHERS, AS ADMINISTRATORS, ETC., OF WILLIAM HALL, DECEASED, AND ELIZA FLAGG, APPELLANTS, v. MANLEY D. HOLT AND OTHERS, RESPONDENTS.

*When the plaintiff is entitled to enter a judgment for the amount admitted to be due — Code of Civil Procedure, sec. 511 — applies to equitable as well as legal actions.*

Where, in an action brought to foreclose a mortgage, the defendant, without denying any of the allegations of the complaint, alleges in his answer that a payment has been made upon the bond and mortgage, the plaintiff may admit the payment and move upon notice; under section 511 of the Code of Civil Procedure, for leave to enter judgment for the balance due under the allegations of the complaint, after deducting the payment.

APPEAL from an order denying the plaintiffs' motion for leave to enter a judgment for the amount admitted to be due by the defendant's answer.

*Johnson & Markham*, for the appellants.

*Henderson & Wentworth*, for the respondents.

HARDIN, J.:

This action is brought to foreclose a mortgage. The whole amount is due. The defendant Holt alone appears and answers. He does not deny any portion of the complaint, but avers that the sum of $1,300 was paid and applied upon the bond and mortgage on the 1st day of July, 1875. The plaintiff then moves at Special Term, upon notice and an affidavit in which he admits the payment as alleged in defendant's answer, for judgment for the balance due under the allegations of the complaint after deducting such payment. The Special Term denied such motion upon the ground and for the reason that the cause of action set forth in the complaint is single and indivisible, and the court has no authority to grant the relief asked for.

Section 511 of the Code of Civil Procedure provides : " Where the answer of the defendant expressly, or by not denying, admits a part of the plaintiff's claim to be just, the court, upon the plaintiff's motion, may in its discretion order that the action be severed, that a judgment be entered for the plaintiff for the part so admitted, and if the plain-

tiff so elects that the action be continued with like effect as to the subsequent proceedings, as if it had been originally brought for the remainder of the claim. The order must prescribe the time and manner of the plaintiff's election. If the plaintiff elects to continue the action his right to costs upon the judgment is the same as if it was taken in an action brought for only that part of the claim. If the plaintiff does not elect to continue the action, costs must be awarded as upon final judgment in any other case."

The language of this section is broad. It is not limited to any class of actions, but applies with equal force to actions at law and in equity. It gives a discretion to the court to allow actions to be severed where a part of the plaintiff's claim is admitted to be just; and if the plaintiff elects to continue his action as to the part denied by the answer, that he may do so. If he does not elect to continue, then costs must be awarded as upon a final judgment in any other case.

In this case the plaintiff admits the payment averred in the answer. He elects not to continue the action as to that payment but only asks judgment for the balance, his due after deducting the payment.

I am of the opinion that the power given by this section is ample to grant the relief asked for. This action is one in which judgment only can be had upon application to the court, and this practice is in harmony with the practice provided for in section 512 of the Code of Civil Procedure, which has reference to actions upon contracts where the complaint demands judgment for a sum of money only.

In such cases if the defendant by his answer does not deny the plaintiff's claim, but sets up a counter-claim amounting to less than the plaintiff's claim, the plaintiff, upon filing with the clerk an admission of the counter-claim, may take judgment for the excess as upon a default for want of an answer.

Order reversed, with ten dollars costs and disbursements, with leave to renew motion at Special Term.

SMITH, P. J., and HAIGHT, J., concurred.

So ordered.